**United States District Court**
For the Northern District of California

1

2

3

4

5

6                     IN THE UNITED STATES DISTRICT COURT

7                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   ROBERTO P. SOARES,                    )  Case No. 12-00070
                                          )
10                 Plaintiff,             )  ORDER GRANTING MOTION TO
                                          )  DISMISS
11        v.                              )
                                          )
12  RECONTRUST COMPANY, N.A., et al.,     )
                                          )
13                 Defendants.            )
                                          )
14                                        )
                                          )
15  _____

16  **I.    INTRODUCTION**

17        Plaintiff Roberto P. Soares ("Soares") brings this action in

18  connection with the foreclosure of his home in Alamo, California

19  ("the Property").  Soares alleges that the defendants[1] fraudulently

20  qualified him for a loan that he could not afford, refused to offer

21  him a reasonable loan modification, and then wrongfully foreclosed

22  on the Property.  With the exception of Mortgage Broker Associates,

23  _____

24  [1] The defendants in this action are ReconTrust Company, N.A.
    ("ReconTrust"); U.S. Bank National Association; HSBC Bank USA
25  National Association as Trustee for JP Morgan Alternative Loan
    Trust 2007-A2 ("HSBC"); Mortgage Electronic Registration Systems,
26  Inc. ("MERS"); Bank of America, N.A. ("BofA"), individually and as
    successor in interest to Countrywide Bank, N.A. ("Countrywide"),
27  Countrywide Home Loans, Inc.; Mortgage Broker Associates; BAC Home
    Loans Servicing LP ("BAC"), fka Countrywide Home Loans Servicing LP
28  for the Benefit of JP Morgan Alternative Loan Trust 2007-A2; and
    Does 1 through 100 inclusive.

**United States District Court**
For the Northern District of California

1  all of the named defendants (collectively, "Moving Defendants") now

2  move to dismiss Soares's First Amended Complaint in its entirety.

3  ECF Nos. 12 ("FAC"), 19 ("Mot."). The Motion is fully briefed.

4  ECF Nos. 21 ("Opp'n"), 22 ("Reply"). The Court finds this matter

5  appropriate for decision without oral argument. As detailed below,

6  the Motion is GRANTED.

7

8  **II.   BACKGROUND**

9      In December 2006, Soares refinanced the Property with two

10  loans totaling $1.12 million.[2] FAC ¶ 7, Exs. A-B.[3] Soares applied

11  for the loans on December 20, 2006 at a Countrywide branch located

12  at 2174 N. California Boulevard in Walnut Creek, California.

13  Soares alleges that Countrywide grossly inflated his monthly income

14  on his December 19, 2006 loan application and, thus, qualified

15  Soares for a loan that he could not possibly repay. Id. ¶¶ 8, 10.

16  According to the loan application, Soares's income was $25,000 per

17  month. Id. Ex. B. Soares alleges that, at the time the

18  application was completed, his monthly income was only $8,000 to

19  $10,000. Id. ¶ 8. Soares further alleges that Countrywide charged

20  him excessive and bogus fees without his knowledge or consent. Id.

21      At some unspecified time, Soares realized that he could no

22  longer afford the mortgage payments on the Property and applied for

23  loan modifications from Countrywide and/or its successor-in-

24  interest, BofA. Id. ¶ 12. Soares alleges that these applications

25  ---

26  [2] A Deed of Trust was recorded on December 27, 2006, naming MERS as the beneficiary and CTC Real Estate Services ("CTC") as the trustee. FAC Ex. D.

27  [3] The Court takes judicial notice of the exhibits attached to

28  Soares's Complaint, as well as the exhibits attached to Moving Defendants' Request for Judicial Notice, ECF No. 19-1 ("RJN").

**United States District Court**
For the Northern District of California

1  were denied in bad faith and in violation of a stipulated

2  settlement between Countrywide/BofA and California's Attorney

3  General, which provided for remediation of various "predatory"

4  loans sold by Countrywide between 2003 and 2008.  Id. ¶¶ 9-12.

5       Soares ultimately defaulted on his loan and a Notice of

6  Default was recorded in November 2010.  RJN Ex. 2.  The Notice of

7  Default indicates that Soares was over $41,000 in arrears on his

8  loan payments.  Id.  On December 9, 2010, a Notice of Substitution

9  of Trustee and Assignment of Deed of Trust was recorded,

10  substituting ReconTrust as the trustee and HSBC as the beneficiary

11  on Soares's Deed of Trust.  FAC Ex. F.  On March 3, 2011,

12  ReconTrust recorded a Notice of Trustee's Sale.  FAC Ex. H.  On

13  June 29, 2011, ReconTrust recorded a Trustee's Deed Upon Sale,

14  conveying the Property to BAC.  FAC Ex. J.

15       Soares retained possession of the Property after the trustee's

16  sale and BAC brought an unlawful detainer action against him in

17  California Superior Court under Section 1161a of the California

18  Code of Civil Procedure.  RJN Ex. 3.  On February 6, 2012, the

19  Superior Court entered judgment against Soares and awarded

20  possession to BAC.  Id.

21       Soares filed the instant action on January 5, 2012.  The FAC,

22  which is the operative pleading in the matter, asserts thirteen

23  causes of action: (1) actual fraud; (2) violation of the Finance

24  Lenders Law, Cal. Fin. Code §§ 4973, et seq., 2200, et seq., 5000

25  et seq.; (3) breach of contract; (4) cancellation of void contract,

26  Cal. Civ. Code §§ 1670.5, 1689, 3412; (5) violation of the Truth in

27  Lending Act ("TILA"), 15 U.S.C. § 1641(g), (6) violation of the

28  California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §

3

17200 et seq.; (7) breach of fiduciary duties; (8) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617; (9) declaratory relief; (10) equitable estoppel; (11) violation of the covenant of good faith and fair dealing; (12) wrongful foreclosure; and (13) set aside of trustee sale. Soares prays for damages and declaratory relief, including an order forcing all defendants to rescind any and all trustee's deeds upon sale.

**III. LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible"

such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." <u>Starr v. Baca</u>, 633 F.3d 1191, 1204 (9th Cir. 2011).

**IV. DISCUSSION**

**A.   Fraud (First Cause of Action)**

Soares's fraud claim is predicated on Countrywide's alleged falsification of his loan application. <u>See</u> FAC ¶ 37. Specifically, Soares alleges that Countrywide grossly inflated his income on his December 19, 2006 loan application so that Soares qualified for a loan that he could not possibly repay. <u>Id.</u> Moving Defendants argue that Soares's fraud claim fails to satisfy Federal Rule of Civil Procedure 9(b), which requires plaintiffs to plead fraud with particularity. MTD at 7. Moving Defendants also argue that Soares's claim is time-barred under the three-year statute of limitations for fraud set forth in section 338(d) of the California Code of Civil Procedure. <u>Id.</u>

The Court finds that Soares's fraud claim meets the requirements of Rule 9(b). "To satisfy Rule 9(b), a pleading must identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'" <u>Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.</u>, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal citations omitted). However, "[i]nstances of corporate fraud may . . . make it difficult to attribute particular fraudulent conduct to each defendant as an individual." <u>Moore v. Kayport Package Express, Inc.</u>, 885 F.2d 531, 540 (9th Cir. 1989). In such cases, "the allegations should

include the misrepresentations themselves with particularity and,
where possible, the roles of the individual defendants in the
misrepresentations." Id.

Here, Soares alleges when -- December 19, 2006 -- and where --
2174 N. California Boulevard in Walnut Creek -- he applied for his
loan. FAC ¶ 7. He also alleges that his loan application was
incorrect because it overstated his monthly income by more than
$15,000 and that this misstatement was made by Countrywide without
his knowledge or consent. Id. ¶ 8. It is unclear from Moving
Defendants' motion what more Soares is required to plead against a
corporate defendant. In any event, the mere fact that Soares no
longer knows or remembers the particular Countrywide employee who
helped him with his application should not bar his claim.

Nevertheless, the Court finds that the fraud claim fails
because it is time-barred. Soares waited over five years to file
the instant action and the statute of limitations for fraud is only
three years. Cal. Code. Civ. Proc. § 338(d).

Soares urges the Court to apply the doctrine of equitable
tolling on the grounds that a cause of action for fraud "is not
deemed to have accrued until the discovery, by the aggrieved party,
of the facts constituting the fraud . . . ." Id. Specifically,
Soares argues that he should not be charged with knowledge of the
facts underlying the alleged fraud until recordation of the Notice
of Default in December 2010. Opp'n at 6-7.

For equitable tolling to apply, a plaintiff "must specifically
plead facts to show (1) the time and manner of discovery and (2)
the inability to have made earlier discovery despite reasonable
diligence. The burden is on the plaintiff to show diligence, and

**United States District Court**
For the Northern District of California

1   conclusory allegations will not withstand demurrer." <u>McKelvey v.</u>

2   <u>Boeing N. Am., Inc.</u>, 74 Cal. App. 4th 151, 160 (Cal. Ct. App.

3   1999).  Soares has not met this burden.  Specifically, Soares has

4   not alleged when or how he discovered that his income was misstated

5   on his loan application.  Nor has he alleged why he was unable to

6   discern the alleged fraud from his 2006 loan application or various

7   other 2006 disclosures which revealed the terms of the loan,

8   including the monthly payments.[4]  <u>See</u> FAC Exs. C, E.

9        For these reasons the Court DISMISSES Soares's first cause of

10  action for actual fraud.  The Court GRANTS Soares leave to amend so

11  that he may include additional allegations sufficient to invoke the

12  doctrine of equitable tolling.

13      **B.    <u>The Finance Lenders Law (Second Cause of Action)</u>**

14       Soares's second cause of action is premised on the notion that

15  Countrywide violated California's Finance Lenders Law by offering

16  him an unconscionable loan and by failing to disclose critical

17  information prior to the closing of the loans.  FAC ¶¶ 39-46.  The

18  FAC specifically points to section 22302 of the California Finance

19  Code, which provides that "a loan found to be unconscionable

20  pursuant to Section 1670.5 of the Civil Code shall be deemed to be

21  in violation of this division and subject to the remedies specified

22  in this division."  <u>Id.</u> ¶ 41.  The Finance Lenders Law also

23  provides that willful violators "shall be liable for a civil

24  ────────────────

25  [4] Soares also contends that he did not discover the fraud earlier
    because "he [was] confused and uncertain as to who the owner of the
26  Note [was], [and] who [was] able to enforce it."  Opp'n at 3.  This
    argument lacks merit.  It is completely unclear how Soares's
27  knowledge concerning the ownership of the Note prevented him from
    discovering that his income was misstated on his application.
28  Further, if Soares was in fact "confused," then he had reason to
    seek assistance to discern the terms of the loan.

7

penalty not to exceed two thousand five hundred dollars ($2,500) for each violation, which shall be assessed and recovered in a civil action brought in the name of the people of the State of California by the commissioner in any court of competent jurisdiction." Cal. Fin. Code § 22713(c).

Moving Defendants argue that this claim fails because unconscionability cannot constitute an affirmative cause of action. MTD at 7. Moving Defendants rely on Dean Witter Reynolds, Inc., v. Superior Court, 211 Cal. App. 3d 758, 766 (Cal. Ct. App. 1989), which holds that "Civil Code section 1670.5 does not create an affirmative cause of action but merely codifies the defense of unconscionability." Id. Moving Defendants further argue that, under California law, a lender has no duty to determine the suitability of a loan for a borrower. Id. at 8 (citing Phillips v. MERS, 109-CV-01028-OWW-SMS, 2009 WL 3233865 (E.D. Cal. Oct. 2, 2009)). Soares does not offer any meaningful response to these arguments.[5]

Accordingly, the Court finds that Soares's second cause of action fails as a matter of law and DISMISSES it WITH PREJUDICE.

### C.   Breach of Contract (Third Cause of Action)

In his third cause of action, Soares alleges that Countrywide and BofA breached the loan agreement by securitizing the loan. FAC ¶¶ 47-48. Soares further alleges that the securitization "created confusion and uncertainty as to who the actual owner of the Note is and who if anyone, is able to enforce the Note . . . ." Id. ¶ 48.

---

[5] In his opposition brief, Soares explains why his loan was unconscionable, but does nothing to rebut Moving Defendants' contention that unconscionability cannot constitute an affirmative cause of action. See Opp'n at 7-8.

**United States District Court**
For the Northern District of California

1    Moving Defendants argue the FAC is too vague to state a

2    plausible claim since it fails to identify which provisions of what

3    loan agreement were allegedly breached.  <u>See</u> MTD at 8.  Soares

4    responds that BofA and Countrywide breached paragraph 20 of the

5    Deed of Trust by failing to sell the Note "together with the

6    Security Instrument."  Opp'n at 8.  Soares's argument does little

7    to clarify matters.  Paragraph 20 of the Deed of Trust expressly

8    allows for the sale of the Note.  FAC Ex. D § 20.  Further, nothing

9    in the Deed of Trust suggests that sale of the Note, independent of

10   the "security instrument," constitutes a material breach.  <u>See</u> <u>id.</u>

11   Since the FAC fails to identify how defendants breached the

12   loan agreement, the Court DISMISSES the third cause of action.

13   Amendment would be futile since the contractual provision that

14   Soares intended to cite permits the challenged conduct.  As such,

15   dismissal is WITH PREJUDICE.

16   **D.    <u>Cancellation of Void Contract (Fourth Cause of Action)</u>**

17   In his fourth cause of action, Soares alleges that the Court

18   may cancel his loan agreements with defendants since the agreements

19   are unconscionable under sections 1670.5, 1689, and 3412 of the

20   California Civil Code.  As explained in section IV.B <u>supra</u>, a

21   plaintiff cannot state an affirmative cause of action under section

22   1670.5.  Likewise, section 1689, which allows for rescission of

23   "unlawful contracts," cannot support an affirmative cause of

24   action.  <u>See</u> <u>Nakash v. Superior Court</u>, 196 Cal. App. 3d 59, 70

25   (Cal. Ct. App. 1987) ("Rescission is <u>not</u> a cause of action; it is a

26   remedy" (emphasis in the original).).  Soares's request to cancel

27   the contract under section 3412 also fails, because section 3412 is

28   subject to a four-year statute of limitations.  <u>Robertson v.</u>

1   Superior Ct., 90 Cal. App. 4th 1319, 1325-26 (Cal. Ct. App. 2001).

2   Further, for the reasons set forth in Section IV.A. supra, Soares

3   has failed to plead sufficient facts to invoke the doctrine of

4   equitable tolling.

5       Accordingly, the Court DISMISSES Soares's fourth cause of

6   action WITH PREJUDICE to the extent that it is predicated on

7   California Civil Code Sections 1670.5 and 1689.  The Court

8   DISMISSES the claim WITH LEAVE TO AMEND to the extent that it is

9   based on Civil Code section 3412.  Soares may amend his complaint

10  to allege additional facts sufficient to support equitable tolling.

11      **E.   Violation of TILA (Fifth Cause of Action)**

12      Section 131(g) of TILA requires a creditor to notify its

13  borrower of a transfer of the borrower's mortgage loan.  15 U.S.C.

14  § 1641(g).  Such notice must occur within thirty days of the

15  transfer and must include information concerning, among other

16  things, the identity and contact information of the new creditor.

17  Id.  Soares alleges that HSBC failed to provide him with such

18  notice after it was substituted as beneficiary on the Deed of Trust

19  on December 9, 2010.  FAC ¶ 60.

20      Moving Defendants argue that this claim fails because Soares

21  has not shown and cannot show that any damages resulted from the

22  alleged violations.  MTD at 10.  The Court agrees.  Under TILA,

23  "[a] creditor that fails to comply with any requirement imposed

24  under § [131(g)] only faces liability for 'any actual damage

25  sustained by such person as a result of the failure.'"  Beall v.

26  Quality Loan Serv. Corp., 10-CV-1900-IEG WVG, 2011 WL 1044148, at

27  *6 (S.D. Cal. Mar. 21, 2011) (quoting 15 U.S.C. § 1640(a)(1)).

28  Here, Soares has not alleged that HSBC's failure to provide notice

of assignment resulted in any additional financial charges or any other plausible damages.

Soares argues that he has sustained actual damages because "had he been informed in a timely manner of the assignment of the Deed of Trust, he would have had ample time to seek different avenues to protect his real property interest." Opp'n at 10. This argument is unavailing. By the time HSBC's assignment was recorded, Soares had already been notified that he was in default and the Property was subject to foreclosure. Further, the Notice of Default directed Soares to contact HSBC at a particular address and number if he wished to pay off his loan to avoid foreclosure. Compl. Ex. E. The notion that Soares would have done something differently if he had received notice of the assignment is simply not plausible.

Accordingly, the Court DISMISSES the fifth cause of action for violation of TILA WITH PREJUDICE.

**F.   Violation of UCL (Sixth Cause of Action)**

Soares alleges that defendants violated the UCL by engaging in a number of unlawful, unfair, and/or fraudulent business practices. Among other things, Soares claims that defendants violated the UCL by: (1) "marketing and funding predatory loans"; (2) "egregiously and in bad faith, failing to and refusing to comply with California law (Civ. Code § 2923.5 et seq.) and public policy"; (3) "failing and refusing to offer a loan modification"; (4) "fraudulently recommending, offering, marketing, accepting, purchasing and or collecting on a debt/mortgage that they . . . should have known was void"; (5) violating Civil Code sections 1667, 1708, 1709, 1710; and 1770; (6) refusing to comply with Moving Defendants'

stipulation with the California attorney general; (7) offering a loan agreement in violation of Financial Code sections 4973 and 50205; (8) "fraudulently and knowingly  procur[ing] or offer[ing] false or fraudulently prepared documents to fabricate the missing gaps in the chain of title . . . in violation of California Penal Code § 155.5"; (9) and "initiating foreclosure proceedings with knowledge of their falsity and with intent to defraud [Soares] in violation of CA Penal Code § 532(f)(a)(4)."[6]  FAC ¶¶ 64-76.

Moving Defendants argue that Soares, "as a borrower in default and not a depositor," lacks standing to assert a violation of the UCL.  MTD at 11 (citing Intervest Mortg. Inv. Co. v. Skidmore, No. Civ. S-08-1543 LKK/DAD, 2009 WL 2038137 (E.D. Cal. June 2, 2009)). This argument would be persuasive if Soares were only alleging violations of regulations intended to protect depositors.  But that is not the case.  In fact, Moving Defendants fail to identify a single regulation cited in the FAC that is intended to protect only depositors.  As such, they have failed to meet their burden as the moving party.

Moving Defendants also argue that Soares's UCL claim fails because he "does not and cannot allege that the alleged predicate criminal violations cause him harm."  Id. at 12.  Though Moving Defendants do not specify, the Court assumes they are referring to Soares's allegation that they offered fraudulently prepared documents to fabricate missing gaps in the chain of title.  See FAC ¶ 75.  Moving Defendants reason that Soares would have suffered the

---

[6] The Court notes that California "Penal Code § 532(f)(a)(4)" does not exist.  Accordingly, the Court dismisses Soares's UCL claim to the extent that is predicated on a violation of this non-existent provision.  The Court also reminds Soares's counsel of their Rule 11 obligations.

alleged harm -- the foreclosure of his home -- even if none of the allegedly unlawful acts had occurred.  Soares does not meaningfully respond to this argument.  Further, it is completely unclear from the pleading what false documents defendants filed or why there were missing gaps in the title.  Such threadbare legal conclusions cannot state a plausible claim for relief, let alone meet the heightened pleading standards set forth by Rule 9(b).

While Moving Defendants do not address the other alleged UCL violations, the Court finds that they are also far from precise. In many cases, it appears that Soares has not pled any facts which would support the alleged violations.  For example, at one point, Soares alleges, with practically no explanation, that his loan violated at least twelve California statutory provisions.  <u>See</u> FAC ¶ 73.  Further, Soares does not explain what conduct is alleged to be "unlawful," as opposed to "unfair," and/or "fraudulent."  In sum, Soares' UCL claim is hardly a "plain statement of the claim showing that the pleader is entitled to relief."  <u>See</u> Fed. R. Civ. P. 8(a)(2).

Accordingly, Soares's UCL claim is DISMISSED WITH LEAVE TO AMEND.  Soares' amended complaint should coherently distinguish each alleged UCL violation as well as set forth what prong of the UCL is applicable to each alleged violation, particular facts supporting each alleged violation, and identifiable legal theories and/or authorities.

### G.   <u>Breach of Fiduciary Duties (Seventh Cause of Action)</u>

Soares's seventh cause of action for breach of fiduciary duties is asserted only against Mortgage Broker Associates, the one named defendant who has not moved to dismiss.  <u>See</u> FAC ¶¶ 78-81.

**United States District Court**
For the Northern District of California

1   Nevertheless, Moving Defendants move to dismiss this cause of

2   action.  They lack standing to do so.  Moving Defendants argue that

3   Soares makes "boilerplate agency allegations as to all defendants"

4   in paragraph 7 of the FAC.  MTD at 12.  Likewise, Soares claims

5   that paragraphs 37 and 104 allege that "Countrywide breached their

6   duty of care when they inflated his income to qualify him for the

7   highly risky adjustable rate loan." Opp'n at 12.  The Court

8   declines to read the Complaint so broadly.  Soares has asserted

9   thirteen causes of action against seven named defendants.  Applying

10  a cause of action to a party who is not expressly identified would

11  deprive the party of the notice to which it is entitled under Rule

12  8.  Accordingly, to the extent that Soares's claim for breach of

13  fiduciary duties is directed at any defendant other than Mortgage

14  Broker Associates -- the only party named in that cause of action -

15  - the claim is DISMISSED.  If Soares wishes to name other

16  defendants in this cause of action, he may amend his complaint to

17  do so.  As to Mortgage Broker Associates, the claim stands.

18          **H.    Violation of RESPA (Eighth Cause of Action)**

19          Soares alleges that Countrywide and Mortgage Broker Associates

20  violated RESPA when Countrywide paid Mortgage Broker Associates

21  fees totaling $8,790 as an incentive to place Soares in a loan he

22  could not afford.  FAC ¶¶ 82-84.  Moving Defendants argue that this

23  cause of action is barred by the one-year statute of limitations

24  set forth in 12 U.S.C. § 2614.  MTD at 13.  Soares responds that

25  the statute of limitations does not begin to run until one knows or

26  reasonably should know that a cause of action exists.  Opp'n at 13.

27  Several courts have held that the statute of limitations under

28  RESPA is subject to equitable tolling.  See, e.g., Hogan v. NW

1   <u>Trust Servs., Inc.</u>, 441 F. App'x 490 (9th Cir. 2011); <u>Ortiz v.</u>

2   <u>Wells Fargo Bank, N.A.</u>, C 10-4812 RS, 2011 WL 4952979, at *7 (N.D.

3   Cal. May 27, 2011).  However, in order to invoke equitable tolling,

4   Soares must plead facts concerning the time and manner of discovery

5   and his inability to have made the discovery earlier.  <u>See</u> Section

6   IV.A. <u>supra</u>.  He has failed to do so.  Accordingly, the Court

7   DISMISSES his RESPA claim WITH LEAVE TO AMEND.

8        **I.   Declaratory Relief (Ninth Cause of Action)**

9        Soares's Ninth Cause of Action seeks a declaration that the

10  subject loan agreements are void and unenforceable.  FAC ¶¶ 85-92.

11  This claim is ultimately a request for relief, and Soares is not

12  entitled to such relief absent a viable underlying claim.  <u>See</u>

13  <u>Lomboy v. SCME Mortg. Bankers</u>, C-09-1160 SC, 2009 WL 1457738, at *3

14  (N.D. Cal. May 26, 2009).  Accordingly, the Court DISMISSES

15  Soares's claim for declaratory relief to the extent it seeks a

16  declaration concerning his dismissed claims.

17       **J.   Equitable Estoppel (Tenth Cause of Action)**

18       Soares's tenth cause of action for "equitable estoppel"

19  asserts that Countrywide and BofA are estopped from enforcing the

20  loan due to their refusal to offer a reasonable loan modification,

21  as stipulated in their 2009 agreement with the attorney general,

22  and because the loan was "void from inception due to fraud."  FAC

23  at 36.[7]  Soares further alleges that Moving Defendants do not have

24  a right to foreclose on the Property because they failed to perfect

25  their security interest -- though he does not plead any facts that

26  would support such a conclusion.  <u>See</u> <u>id.</u> ¶ 95.

27  _____

28  [7] There are several errors in the paragraph numbering on page 36 of
    the FAC; therefore, the Court refers to the page number rather than
    the paragraph number.

1    Equitable estoppel "prevents a party from profiting from the

2    detriment he induced another to suffer." Money Store Inv. Corp. v.

3    S. California Bank, 98 Cal. App. 4th 722, 732 (Cal. Ct. App. 2002).

4    The doctrine "acts defensively only" -- it must be pleaded either

5    as a part of a cause of action or as a defense. Behnke v. State

6    Farm Gen. Ins. Co., 196 Cal. App. 4th 1443, 1463 (2011).

7    Accordingly it cannot stand as an independent cause of action. See

8    id.; Money Store, 98 Cal. App. 4th at 732.

9         Accordingly, the Court DISMISSES Soares's claim for equitable

10   estoppel WITH PREJUDICE.

11   **K.    Breach of the Implied Covenant of Good Faith and Fair**

12   **Dealing (Eleventh Cause of Action)**

13        Soares's eleventh cause of action asserts that Moving

14   Defendants breached the implied covenant of good faith and fair

15   dealing by qualifying him for a loan that he could not afford and

16   then refusing to offer him a reasonable loan modification. FAC ¶¶

17   102-08. Breach of the implied covenant involves unfair dealing

18   "prompted by a conscious and deliberate act that unfairly

19   frustrates the agreed common purposes [of the contract] and

20   disappoints the reasonable expectations of the other party."

21   Celador Int'l Ltd. v. Walt Disney Co., 347 F. Supp. 2d 846, 852

22   (C.D. Cal. 2004) (internal quotations and citations and omitted).

23   "However, the implied covenant will only be recognized to further

24   the contract's purpose; it will not be read into a contract to

25   prohibit a party from doing that which is expressly permitted by

26   the agreement itself." Wolf v. Walt Disney Pictures & Television,

27   162 Cal. App. 4th 1107, 1120 (Cal. Ct. App. 2008). Because the

28   implied covenant may only be used to further the purpose and terms

**United States District Court**
For the Northern District of California

1    of an existing contract, it cannot be breached at contract

2    formation.  Nor can it be breached when a party refuses to modify

3    the contract's terms.  These are precisely the types of breach that

4    Soares is alleging here.  Accordingly, the Court DISMISSES Soares's

5    eleventh cause of action WITH PREJUDICE.

6        **L.    Wrongful Foreclosure and Set Aside of Trustee Sale**

7            **(Twelfth and Thirteenth Causes of Action)**

8        In Soares's twelfth and thirteenth causes of action, he seeks

9    to set aside the trustee sale of the Property on the grounds that

10   Moving Defendants failed to comply with statutory prerequisites set

11   forth in sections 2323.5 and 2924 of the California Civil Code.

12   FAC ¶¶ 110-117.  Specifically, Soares alleges that BofA "fail[ed]

13   to offer in good faith, alternatives to foreclosure and instead,

14   rushed to assert its asserted contractual rights . . . ."  Id. ¶

15   110.  Soares further alleges that ReconTrust violated section 2924

16   by "forclos[ing] on a California property without a valid contract

17   providing it with the power of foreclosure, and did so without

18   complying with other statutory pre-requisites, such as proper

19   notice and good faith efforts to resolve the disputed default."

20   Id. ¶ 113.  Soares also claims that Moving Defendants lacked a

21   legal right to foreclose due to the allegedly fraudulent nature of

22   the loan.  See id. ¶¶ 110, 114.

23       Section 2924 provides a framework for non-judicial

24   foreclosure: The lender must first record a notice of default; once

25   three months have elapsed, the lender must give notice of the

26   planned foreclosure sale.  Cal. Civ. Code § 2924.  Section 2923.5

27   concerns the notice of default.  It requires the "mortgagee,

28   trustee, beneficiary, or authorized agent" seeking to file a notice

United States District Court
For the Northern District of California

of default to first contact the borrower in person or by telephone "in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Id. § 2923.5(a)(2).  The notice of default may not be filed until thirty days after this initial contact or after the statute's due diligence requirements are satisfied.  Id. § 2923.5(a)(1). Further, the notice of default must include a declaration that the mortgagee, beneficiary, or authorized agent has contacted the borrower.  Id. § 2923.5(b).  During this initial contact, the party seeking to file a notice of default must advise the borrower that he or she has the right to request a subsequent meeting and, if requested, schedule the meeting within fourteen days.  Id. § 2923.5(a)(2).

Moving Defendants argue that Soares's claims for relief under section 2923.5 are moot because the property has already been sold at a trustee's sale.  MTD at 17-18.  Soares does not meaningfully respond except to cite an inapposite decision from the Massachusetts Supreme Court concerning a Massachusetts statutory scheme.  Opp'n at 16 (citing U.S. Bank Nat. Ass'n v. Ibanez, 458 Mass. 637, 941 (2011)).

The Court agrees with Moving Defendants.  The only remedy available under Section 2923.5 is the postponement of a foreclosure sale until the requirements of the statute have been fulfilled. Mabry v. Super. Ct., 185 Cal. App. 4th 208, 223-24 (Cal. Ct. App. 2010).  The Court cannot possibly provide such a remedy to Soares since his home has already been sold.  See Shaterian v. Wells Fargo Bank, N.A., -- F. Supp. 2d --, 2011 WL 5358751, at *11 (N.D. Cal. Nov. 7, 2011).  Accordingly, Soares's twelfth and thirteenth causes

**United States District Court**
For the Northern District of California

1  of action are moot to the extent they are based on an alleged

2  violation of 2923.5.

3      Moving Defendants also argue that Soares is collaterally

4  estopped from relitigating title and possession of the Property due

5  to the judgment entered against him in the 2012 unlawful detainer

6  action.  To a certain extent, the Court agrees.  Under California

7  law, a court may apply collateral estoppel to an underlying

8  unlawful detainer judgment brought pursuant to Civil Code section

9  1161a -- such as the unlawful detainer judgment rendered against

10  Soares -- where a plaintiff's claim arises from the alleged

11  invalidity of the foreclosure sale.  Malkoskie v. Option One Mortg.

12  Corp., 188 Cal. App. 4th 968, 974 (Cal. Ct. App. 2010).

13  Application of collateral estoppel "bec[o]me[s] doubtful only if

14  the claims in the second action involve[] activities or alleged

15  wrongdoing not 'directly connected' with the conduct of the

16  foreclosure sale."  Id.

17      Thus, collateral estoppel bars Soares from seeking to set

18  aside the trustee sale based on alleged irregularities in the

19  foreclosure process.  Further, as discussed above, Soares's claims

20  arising out of activities that are not directly connected with the

21  conduct of the foreclosure sale are time-barred.  Accordingly, the

22  Court DISMISSES his twelfth and thirteenth causes of action WITH

23  LEAVE TO AMEND.  Soares may amend his complaint to show why his

24  claims are not time-barred.

25      **M.   Tender**

26      Moving Defendants also argue that all of Soares's claims are

27  barred because he has failed to show that he could tender his

28  obligation due under the loans.  The Court disagrees.  As Moving

19

**United States District Court**
For the Northern District of California

1   Defendants point out, a plaintiff must make a full tender before he

2   or she can set aside a foreclosure sale.  MTD at 5.  Soares does

3   pray for the Court to set aside the foreclosure sale.  However, he

4   also seeks a number of other remedies, including damages.

5   Accordingly, Soares's failure to tender is not fatal to all of his

6   claims.  It is, however, fatal to his prayer that the Court void or

7   set aside the trustee's sale.  If Soares wishes to obtain such

8   relief, then he must plead facts sufficient to show that he could

9   tender the amount due under his loans.  See <u>Shaterian</u>, 2011 WL

10  5358751, at *4.

11      Soares argues that several exceptions to the tender rule apply

12  in this case.  The Court agrees that at least one exception to the

13  tender rule might apply, but Soares has pled insufficient facts to

14  invoke it.  Specifically, the tender rule does not apply where "the

15  borrower's action attacks the validity of the underlying debt."

16  <u>Lona v. Citibank, N.A.</u>, 202 Cal. App. 4th 89, 1112-13 (Cal. Ct.

17  App. 2011).  Soares has attacked the validity of the underlying

18  debt, alleging that defendants fraudulently induced him to agree to

19  the loan by misstating his income on his loan application.  FAC ¶

20  8.  However, as set forth above, Soares's fraud claim is time-

21  barred.  Thus, as Soares's complaint is currently pled, this

22  exception cannot apply.

23

24  **V.   <u>CONCLUSION</u>**

25      For the reasons set forth above, the Court GRANTS Moving

26  Defendants' Motion to Dismiss.

27   • Soares's second, third, fifth, tenth, and eleventh causes of

28     action are DISMISSED WITH PREJUDICE.

- Soares's first, fourth, sixth, eighth, twelfth, and thirteenth cause of action are DISMISSED WITH LEAVE TO AMEND.
- Soares's seventh cause of action for breach of fiduciary duties is DISMISSED WITH LEAVE TO AMEND as to all defendants except Mortgage Broker Associates.
- Soares's ninth cause of action for declaratory relief is DISMISSED since it is predicated on his dismissed claims.

Soares may amend his complaint within thirty (30) days of this Order. Failure to do so will result in dismissal with prejudice of his action against the Moving Defendants. The case management conference set for June 22, 2012 is hereby VACATED and rescheduled to August 10, 2012 at 10:00 a.m. in Courtroom 1, 450 Golden Gate Avenue, San Francisco, California. The parties are to file one Joint Case Management Conference Statement seven days prior to the conference.

IT IS SO ORDERED.

Dated: May 25, 2012

UNITED STATES DISTRICT JUDGE